IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01227-RPM

GARY L. RICH,

                              Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

Gary L. Rich applied for Disability Insurance Benefits and Supplemental Security Income payments on January 17, 2003, alleging disability beginning July 15, 2001, due to thyroid/goiter, appendectomy and hernia operations. After a hearing on April 15, 2005, an Admnistrative law Judge ("ALJ") issued a decision denying disability after determining that the claimant had the residual functional capacity to perform the full range of light work and applying Medical-Vocational Rule 202.21. After the Appeals Council affirmed that decision, it was reviewed in this court and reversed with remand for lack of medical evidence in that none of the treating physicans imposed limitations on performance of work-related activities and the ALJ failed to re-contact the physicians to learn their evaluations.

After a second hearing on November 28, 2006, the ALJ issued a second decision on March 16, 2007, again applying the Medical-Vocational Rule after

determining that Mr. Rich has the residual functional capacity for the full range of light work. R. 194-211. The Appeals Council again affirmed.

In the second opinion, the ALJ reviewed the medical records at great length and discussed the hospitalizations and surgeries which the claimant has experienced. Those records included continuing treatment for a large goiter and chronic fatigue as well as multiple abdominal surgeries. The claimant has also been treated for diabetes. The primary treating physicians attending Mr. Rich have been Dr. Patty Beecroft in Colorado Springs and Dr. Janice Kerr, an endocrinologist at the University of Colorado Hospital. They and Dr. Trent Hovenga, who provided follow-up care from the claimant's multiple surgeries, all wrote letters or completed forms in support of the application for disability benefits. The ALJ rejected those opinions because he said they were not supported in the medical records. The ALJ was particularly critical of Dr. Beecroft and gave her opinions no weight. He said that she appears to have accepted the claimant's statements which the ALJ considered to be inherently unreliable. The ALJ found the claimant was not a credible witness because of a failure to be compliant with medical care, his alcoholism and his falsification of a prescription for narcotics. R. 206. The ALJ made no inquiry on these matters in questioning the claimant at either of the hearings. The ALJ also found the claimant's statements and testimony concerning the limitations on his activities to be not credible.

Essentially, the ALJ based his decision on the lack of objective diagnostic tests and disregarded the subjective symptoms of excessive fatigue and pain. These non-exertional limitations are noted throughout the medical records and

2

precluded the reliance on the Medical-Vocational Rule.  *Thompson v. Sullivan,* 987 F.2d 1482, 1492 (10th Cir. 1993).

The tone of the ALJ's decision reflects that he was unduly influenced by the claimant's use of tobacco and alcohol and failures to comply with prescribed treatment.  The two hearings held in this case were perfunctory and of little value in assessing the claimant's credibility and lifestyle.  Mr. Rich has had no gainful employment since July, 2001.  His previous employment was building cabinets.  He has lived with his father and disabled mother since 2002.

This Court is unable to say that the claimant is disabled and must once again remand this application for further consideration.  Because there was legal error in the ALJ's consideration of the medical opinions expressed by the treating physicians and because the ALJ improperly used Medical-Vocational Rule 202.21 to reject this application, it is

ORDERED that the denial decision is reversed and this matter is again remanded for further consideration.

Dated:   February 3rd, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge